**In re Martin S. HOFFMAN and Mary Ann E. Hoffman, Debtors.**

**Bankruptcy No. 81–00071–G.**

United States Bankruptcy Court,
D. Massachusetts.

June 15, 1981.

Dorothy Fusaro, Worcester, Mass., for debtor.

Denis R. Damore, Manager, Dial Finance, for Dial Finance.

## MEMORANDUM AND ORDER ON OBJECTION TO CONFIRMATION

PAUL W. GLENNON, Bankruptcy Judge.

The debtors filed a Chapter 13 Original Petition and Plan on January 28, 1981, and the case was brought on for confirmation of the plan on March 25, 1981. At that time,

Dial Finance Company appeared and objected to confirmation on the grounds that their security interest had been unconstitutionally avoided under the plan. It appears that Dial has a non-possessory, non-purchase money security interest in household goods in the amount of approximately $600. The debtors, in their plan, treated Dial as an unsecured creditor based on the provisions of § 522(f) of the Bankruptcy Code. 11 U.S.C. § 522(f). Section 522(f) provides that non-possessory, non-purchase money security interests in household goods are avoidable by the trustee (debtor). Therefore, the debtors treated Dial's lien as avoided and its claim as unsecured. Dial objected to confirmation alleging that § 522(f) is unconstitutional and that, as a result, they are improperly classified as unsecured creditors.

While this court has definite ideas about the constitutionality, or lack thereof, of § 522(f), the case is not in the proper procedural posture for such a determination. Section 522(f) sets out definite guidelines by which certain types of security interests may be avoided. However, the debtors are nevertheless required to make their proof regarding the elements of § 522(f). That proof necessitates the filing of a complaint to avoid the lien and a hearing on any defenses that the secured creditor might raise. The debtors here failed to avoid the lien properly; therefore, for the purpose of confirmation of a Chapter 13 plan, it cannot be treated as avoided.

The court is well aware that Dial may have no other defense than that the statute is unconstitutional, and it might be possible that the parties could so stipulate. But to date in this case, no complaint has been filed, nor have any positive allegations been made. Upon such a record I cannot presume that § 522(f) is even applicable here. When such is made clear, the court will rule upon any challenges to the constitutionality of the statute. In the meantime, the court's ruling is that a creditor's secured interest cannot be avoided merely by treating its claim as unsecured in a Chapter 13 plan. Instead, proper procedural methods of filing a complaint and answer, and a hearing thereon, must be followed.

Therefore, in accordance with the foregoing Memorandum, it is ORDERED,

That, the objection of Dial Finance to the Debtor's Chapter 13 plan is SUSTAINED, and

That, the court will not confirm the Chapter 13 plan in its present form.